JS 44 (Rev. 02/19)

# CIVIL COVER SHEET

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. *(SEE INSTRUCTIONS ON NEXT PAGE OF THIS FORM.)*

## I. (a) PLAINTIFFS

Prentice S. Cole, Jr.

**(b)** County of Residence of First Listed Plaintiff: Philadelphia County, PA
*(EXCEPT IN U.S. PLAINTIFF CASES)*

**(c)** Attorneys *(Firm Name, Address, and Telephone Number)*

J. Matthew Wolfe, Esq.
4256 Regent Sq., Phila., PA 19104; (215) 387-7300

## DEFENDANTS

Stonemor Partners, LP

County of Residence of First Listed Defendant: Bucks County, PA
*(IN U.S. PLAINTIFF CASES ONLY)*

NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE TRACT OF LAND INVOLVED.

Attorneys *(If Known)*

Julie E. Reid, Esq.
Blank Rome, One Logan Square, Phila., PA 19103 (215) 569-5584

## II. BASIS OF JURISDICTION *(Place an "X" in One Box Only)*

- ☐ 1 U.S. Government Plaintiff
- ☒ 3 Federal Question *(U.S. Government Not a Party)*
- ☐ 2 U.S. Government Defendant
- ☐ 4 Diversity *(Indicate Citizenship of Parties in Item III)*

## III. CITIZENSHIP OF PRINCIPAL PARTIES *(Place an "X" in One Box for Plaintiff and One Box for Defendant)* *(For Diversity Cases Only)*

| | PTF | DEF | | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☒ 1 | ☐ 1 | Incorporated *or* Principal Place of Business In This State | ☐ 4 | ☒ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated *and* Principal Place of Business In Another State | ☐ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

## IV. NATURE OF SUIT *(Place an "X" in One Box Only)*

Click here for: Nature of Suit Code Descriptions.

**CONTRACT**
- ☐ 110 Insurance
- ☐ 120 Marine
- ☐ 130 Miller Act
- ☐ 140 Negotiable Instrument
- ☐ 150 Recovery of Overpayment & Enforcement of Judgment
- ☐ 151 Medicare Act
- ☐ 152 Recovery of Defaulted Student Loans (Excludes Veterans)
- ☐ 153 Recovery of Overpayment of Veteran's Benefits
- ☐ 160 Stockholders' Suits
- ☐ 190 Other Contract
- ☐ 195 Contract Product Liability
- ☐ 196 Franchise

**REAL PROPERTY**
- ☐ 210 Land Condemnation
- ☐ 220 Foreclosure
- ☐ 230 Rent Lease & Ejectment
- ☐ 240 Torts to Land
- ☐ 245 Tort Product Liability
- ☐ 290 All Other Real Property

**TORTS**

PERSONAL INJURY
- ☐ 310 Airplane
- ☐ 315 Airplane Product Liability
- ☐ 320 Assault, Libel & Slander
- ☐ 330 Federal Employers' Liability
- ☐ 340 Marine
- ☐ 345 Marine Product Liability
- ☐ 350 Motor Vehicle
- ☐ 355 Motor Vehicle Product Liability
- ☐ 360 Other Personal Injury
- ☐ 362 Personal Injury - Medical Malpractice

PERSONAL INJURY
- ☐ 365 Personal Injury - Product Liability
- ☐ 367 Health Care/ Pharmaceutical Personal Injury Product Liability
- ☐ 368 Asbestos Personal Injury Product Liability

PERSONAL PROPERTY
- ☐ 370 Other Fraud
- ☐ 371 Truth in Lending
- ☐ 380 Other Personal Property Damage
- ☐ 385 Property Damage Product Liability

**CIVIL RIGHTS**
- ☐ 440 Other Civil Rights
- ☐ 441 Voting
- ☒ 442 Employment
- ☐ 443 Housing/ Accommodations
- ☐ 445 Amer. w/Disabilities - Employment
- ☐ 446 Amer. w/Disabilities - Other
- ☐ 448 Education

**PRISONER PETITIONS**

Habeas Corpus:
- ☐ 463 Alien Detainee
- ☐ 510 Motions to Vacate Sentence
- ☐ 530 General
- ☐ 535 Death Penalty

Other:
- ☐ 540 Mandamus & Other
- ☐ 550 Civil Rights
- ☐ 555 Prison Condition
- ☐ 560 Civil Detainee - Conditions of Confinement

**FORFEITURE/PENALTY**
- ☐ 625 Drug Related Seizure of Property 21 USC 881
- ☐ 690 Other

**LABOR**
- ☐ 710 Fair Labor Standards Act
- ☐ 720 Labor/Management Relations
- ☐ 740 Railway Labor Act
- ☐ 751 Family and Medical Leave Act
- ☐ 790 Other Labor Litigation
- ☐ 791 Employee Retirement Income Security Act

**IMMIGRATION**
- ☐ 462 Naturalization Application
- ☐ 465 Other Immigration Actions

**BANKRUPTCY**
- ☐ 422 Appeal 28 USC 158
- ☐ 423 Withdrawal 28 USC 157

**PROPERTY RIGHTS**
- ☐ 820 Copyrights
- ☐ 830 Patent
- ☐ 835 Patent - Abbreviated New Drug Application
- ☐ 840 Trademark

**SOCIAL SECURITY**
- ☐ 861 HIA (1395ff)
- ☐ 862 Black Lung (923)
- ☐ 863 DIWC/DIWW (405(g))
- ☐ 864 SSID Title XVI
- ☐ 865 RSI (405(g))

**FEDERAL TAX SUITS**
- ☐ 870 Taxes (U.S. Plaintiff or Defendant)
- ☐ 871 IRS—Third Party 26 USC 7609

**OTHER STATUTES**
- ☐ 375 False Claims Act
- ☐ 376 Qui Tam (31 USC 3729(a))
- ☐ 400 State Reapportionment
- ☐ 410 Antitrust
- ☐ 430 Banks and Banking
- ☐ 450 Commerce
- ☐ 460 Deportation
- ☐ 470 Racketeer Influenced and Corrupt Organizations
- ☐ 480 Consumer Credit
- ☐ 485 Telephone Consumer Protection Act
- ☐ 490 Cable/Sat TV
- ☐ 850 Securities/Commodities/ Exchange
- ☐ 890 Other Statutory Actions
- ☐ 891 Agricultural Acts
- ☐ 893 Environmental Matters
- ☐ 895 Freedom of Information Act
- ☐ 896 Arbitration
- ☐ 899 Administrative Procedure Act/Review or Appeal of Agency Decision
- ☐ 950 Constitutionality of State Statutes

FEB - 3 2020

## V. ORIGIN *(Place an "X" in One Box Only)*

- ☒ 1 Original Proceeding
- ☐ 2 Removed from State Court
- ☐ 3 Remanded from Appellate Court
- ☐ 4 Reinstated or Reopened
- ☐ 5 Transferred from Another District *(specify)*
- ☐ 6 Multidistrict Litigation - Transfer
- ☐ 8 Multidistrict Litigation - Direct File

## VI. CAUSE OF ACTION

Cite the U.S. Civil Statute under which you are filing *(Do not cite jurisdictional statutes unless diversity)*:
Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000c, et seq.

Brief description of cause:
Defendant discriminated against the Plaintiff on the basis of race and retaliation

## VII. REQUESTED IN COMPLAINT:

☐ CHECK IF THIS IS A CLASS ACTION UNDER RULE 23, F.R.Cv.P.

DEMAND $

CHECK YES only if demanded in complaint:
JURY DEMAND: ☒ Yes ☐ No

## VIII. RELATED CASE(S) IF ANY

*(See instructions)*: JUDGE ______ DOCKET NUMBER ______

DATE: February 2, 2020

SIGNATURE OF ATTORNEY OF RECORD

FOR OFFICE USE ONLY

RECEIPT # ______ AMOUNT ______ APPLYING IFP ______ JUDGE ______ MAG. JUDGE ______

UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

**DESIGNATION FORM**

*(to be used by counsel or pro se plaintiff to indicate the category of the case for the purpose of assignment to the appropriate calendar)*

Address of Plaintiff: 509 South 46th Street, Philadelphia, PA 19104

Address of Defendant: 311 Veterans Highway, Levittown, PA 19056

Place of Accident, Incident or Transaction: Involves discrimination culminating in termination on 7/27/15

***RELATED CASE, IF ANY:***

Case Number: ______ Judge: ______ Date Terminated: ______

Civil cases are deemed related when ***Yes*** is answered to any of the following questions:

1. Is this case related to property included in an earlier numbered suit pending or within one year previously terminated action in this court? Yes ☐ No ☐
2. Does this case involve the same issue of fact or grow out of the same transaction as a prior suit pending or within one year previously terminated action in this court? Yes ☐ No ☐
3. Does this case involve the validity or infringement of a patent already in suit or any earlier numbered case pending or within one year previously terminated action of this court? Yes ☐ No ☐
4. Is this case a second or successive habeas corpus, social security appeal, or pro se civil rights case filed by the same individual? Yes ☐ No ☐

I certify that, to my knowledge, the within case ☐ **is** / ☒ **is not** related to any case now pending or within one year previously terminated action in this court except as noted above.

DATE: 2/2/2020 Must sign here *Attorney-at-Law / Pro Se Plaintiff* 34814 *Attorney I.D. # (if applicable)*

**CIVIL: (Place a √ in one category only)**

***A. Federal Question Cases:***

☐ 1. Indemnity Contract, Marine Contract, and All Other Contracts
☐ 2. FELA
☐ 3. Jones Act-Personal Injury
☐ 4. Antitrust
☐ 5. Patent
☐ 6. Labor-Management Relations
☑ 7. Civil Rights
☐ 8. Habeas Corpus
☐ 9. Securities Act(s) Cases
☐ 10. Social Security Review Cases
☐ 11. All other Federal Question Cases
*(Please specify):* ______

***B. Diversity Jurisdiction Cases:***

☐ 1. Insurance Contract and Other Contracts
☐ 2. Airplane Personal Injury
☐ 3. Assault, Defamation
☐ 4. Marine Personal Injury
☐ 5. Motor Vehicle Personal Injury
☐ 6. Other Personal Injury *(Please specify):* ______
☐ 7. Products Liability
☐ 8. Products Liability – Asbestos
☐ 9. All other Diversity Cases
*(Please specify):* ______

**ARBITRATION CERTIFICATION**

*(The effect of this certification is to remove the case from eligibility for arbitration.)*

I, J. Matthew Wolfe, counsel of record *or* pro se plaintiff, do hereby certify:

☑ Pursuant to Local Civil Rule 53.2, § 3(c) (2), that to the best of my knowledge and belief, the damages recoverable in this civil action case exceed the sum of $150,000.00 exclusive of interest and costs:

☐ Relief other than monetary damages is sought.

DATE: 2/2/2020 Sign here if applicable *Attorney-at-Law / Pro Se Plaintiff* 34814 *Attorney I.D. # (if applicable)*

NOTE: A trial de novo will be a trial by jury only if there has been compliance with F.R.C.P. 38.

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

## CASE MANAGEMENT TRACK DESIGNATION FORM

| | | |
|---|---|---|
| Prentice S. Cole, Jr. | : | CIVIL ACTION |
| v. | : | |
| Stonemor Partners, LP | : | NO. |

In accordance with the Civil Justice Expense and Delay Reduction Plan of this court, counsel for plaintiff shall complete a Case Management Track Designation Form in all civil cases at the time of filing the complaint and serve a copy on all defendants. (See § 1:03 of the plan set forth on the reverse side of this form.) In the event that a defendant does not agree with the plaintiff regarding said designation, that defendant shall, with its first appearance, submit to the clerk of court and serve on the plaintiff and all other parties, a Case Management Track Designation Form specifying the track to which that defendant believes the case should be assigned.

**SELECT ONE OF THE FOLLOWING CASE MANAGEMENT TRACKS:**

(a) Habeas Corpus – Cases brought under 28 U.S.C. § 2241 through § 2255. ( )

(b) Social Security – Cases requesting review of a decision of the Secretary of Health and Human Services denying plaintiff Social Security Benefits. ( )

(c) Arbitration – Cases required to be designated for arbitration under Local Civil Rule 53.2. ( )

(d) Asbestos – Cases involving claims for personal injury or property damage from exposure to asbestos. ( )

(e) Special Management – Cases that do not fall into tracks (a) through (d) that are commonly referred to as complex and that need special or intense management by the court. (See reverse side of this form for a detailed explanation of special management cases.) ( )

(f) Standard Management – Cases that do not fall into any one of the other tracks. (X)

| 2/2/2020 | J. Matthew Wolfe, Esq. | Prentice S. Cole, Jr. |
|---|---|---|
| **Date** | **Attorney-at-law** | **Attorney for** |
| (215) 387-7300 | N/A | Matthew@Wolfe.org |
| **Telephone** | **FAX Number** | **E-Mail Address** |

(Civ. 660) 10/02

GEKP

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| PRENTICE S. COLE, JR. | : | CIVIL ACTION |
| v. | : | |
| STONEMOR PARTNERS, LP | : | NO. 20-614 |

**COMPLAINT**
**JURY TRIAL DEMANDED**
**(TITLE VII)**

## INTRODUCTION

1. Plaintiff Prentice S. Cole, Jr. brings this action to remedy discrimination on the basis of race and retaliation in violation of Title VII of the Civil Rights Act of 1964 ["Title VII"], 42 U.S.C. § 2000c, *et seq.,* as amended, as well as the Pennsylvania Human Relations Act, Act of October 27, 1955, P.L. 744, as amended, Section 5 (a) for discrimination on the basis of race and Section 5 (d) for retaliation.. Mr. Cole had to suffer a hostile work environment, was subjected to harassment and adverse employment actions were taken against him due to his race and in retaliation for his complaining about his treatment. He suffered mental distress, humiliation and was denied appropriate employment opportunities and was terminated in violation of the law. Mr. Cole seeks reversal of the adverse employment actions, back pay, front pay, reinatatement with appropriate promotion, compensatory and punitive damages and attorneys fees, court costs and interest.

FEB -3 2020

## JURISDICTION

2. Jurisdiction is conferred upon this Court by Title VII of the Civil Rights Act of 1964 ["Title VII"], 42 U.S.C. § 2000c, *et seq.,* as amended, as well as the Pennsylvania Human Relations Act, Act of October 27, 1955, P.L. 744, as amended, Section 5 (a) because this action involves discrimination on the basis of race and retaliation.

3. The claim arose, in Pennsylvania where Stonemor Partners, LP conducts business within the Eastern District of Pennsylvania. Therefore, venue lies in this judicial district under 28 U.S.C. §§ 1391(b),(c).

## PARTIES

4. Plaintiff Prentice S. Cole, Jr. is a U.S. citizen and a resident of the Commonwealth of Pennsylvania. His address is 509 South 46th Street, Philadelphia, Pennsylvania.

5. Defendant Stonemor Partners, LP is a business doing business in the Commonwealth of Pennsylvania with offices at 311 Veterans Highway, Levittown, Pennsylvania.

6. The defendant is "an employer" within the meaning of the [ADEA, 29 U.S.C. § 630(b), the CRA, 42 U.S.C. § 2000-e(b), the EPA, 29 U.S.C. § 206(d) et seq.]

## FACTS GIVING RISE TO A CAUSE OF ACTION

7. Prentice S. Cole, Jr. (hereinafter "Cole") was hired by Stonemor Partners, LP (hereinafter "Stonemor") in 2008 as a Family Service Counselor.

8. Stonemor is a cemetery management company.

9. Cole eventually advanced to Assistant Sales Manager.

10. Cole is African American.

11. Cole regularly received performance evaluations, including shortly before his termination, and he was always rated at a high level.

12. Cole had been the manager of Rolling Green Memorial Park, which is an historical African American cemetery in West Chester, Pennsylvania.

13. Cole was a top producer in the company and was the last manager to achieve budget at Rolling Green.

14. In 2013 Stonemor announced an agreement with the Archdiocese of Philadelphia to a long term lease of the 13 archdiocesan cemeteries and to manage those properties.

15. Because of changes in the economic position of African Americans in the Philadelphia area Cole in sought to be part of that new expansion, which he felt offered the greatest opportunity in Stonemor's Eastern Division.

16. Cole applied for the transfer in April of 2014 and was told that he would receive an interview.

17. Cole was never granted an interview and did not receive the transfer, denying him the opportunity for advancement and enhanced compensation that a position in the archdiocesan cemeteries would have afforded.

18. Cole was eventually permitted to transfer in January of 2015 to Sunset Memorial Park in Southampton, Pennsylvania.

19. This property was not historically an African American cemetery. He was the only African American employee at Sunset.

20. Several incidents during his tenure at Sunset are illustrative of the discrimination against him.

21. At a managers training conference in November of 2014, Michael Kokinda, a regional vice president, singled Cole out for abuse and harassment.

22. When Cole questioned how a new policy dealing with hiring practices would be implemented, Mr. Kokinda turned to Cole and said: "OK. Now you asked for it." Mr. Kokinda very loudly said: "You need to know your place. If you are given a role, you need to play that role."

23. Mr. Kokinda inquired as to why a specific Family Service Counselor had left (he had left due to lack of opportunity).

24. When Cole attempted to explain, Mr. Kolinda interrupted and asked Cole "What have you done for me lately?"

25. Mr. Kolinda continued with hand gestures forming a zero with his fingers, moving his 6'4" frame to within eighteen inches of Cole, placing his fingers configured in the position of a zero directly on the desk Cole was sitting at.

26. This was done even though Cole was the top producer in the room and no other employee at the meeting was singled out like Cole was.

27. Several employees who witnessed this came to Cole later and expressed disbelief at Mr. Kokinda's behavior.

28. In April of 2015 Cole had contact with Charles Roman, a funeral supervisor for Kirk and Nice Funeral Home (a funeral home owned by Stonemor) regarding a funeral and burial at Sunset.

29. Mr. Roman was displeased with this contact and placed a telephone call to Debora Johnson, the sales manager at Sunset, who was on vacation and the call was to her cell phone.

30. On the call, Mr. Roman expressed his displeasure with Cole, describing Cole as being "loud, aggressive, rude and black."

31. Cole filed a complaint to human resources regarding this incident and characterization.

32. Ryan Light, a human resources representative, ignored Mr. Roman's characterization and required Cole, the victim, to take a communications course.

33. Charles Miller, the Area Sales Director consulted with Mr. Roman and determined to exclude Cole from any funeral associated with the Kirk and Nice Funeral Home.

34. This limited Cole's opportunity and reduced his compensation.

35. Cole was the only Family Counselor at Sunset out of a total of six and was also the only African American Family Counselor.

36. On July 27, 2015 Cole was terminated.

37. The termination letter from Mr. Kokinda references a "recent" concern regarding a customer and Cole's failure to attend the communications course he was directed to take by Mr. Light.

38. Both reasons are mischaracterized and merely a pretext, as Cole acted properly with the customer in question and the communications course that Cole is alleged in the letter to have failed to attend had been rescheduled at the request of his supervisor and was attended on the rescheduled date of June 24, 2015.

39. Stonemor did not believe that an African American Sales Manager could work profitably at Sunset due to the demographics of its market.

40. Stonemor would have preferred that he remain at a historically African American cemetery like Rolling Green.

41. Stonemor retaliated against him for the complaint he filed with human resources, leading to his termination despite his production and performance.

## EXHAUSTION OF ADMINISTRATIVE REMEDIES

42. Mr. Cole filed a timely, sworn complaint with the Equal Employment Opportunity Commission at EEOC Charge No. 17F-2016-60318. Notice was sent to him on November 5, 2019 that the EEOC had adopted the findings of the Pennsylvania Human Relations Commission.

43. Mr. Cole filed a timely, sworn complaint with the Pennsylvania Human Relations Commission at PHRC Case No. 201503237. Notice was sent to him on June 5, 2019 that the evidence gathered during the investigation was not sufficient to establish

probable cause to credit his allegations that an unlawful act of discrimination had occurred.

**COUNT I**
**DISCRIMINATION UNDER TITLE VII OF THE CIVIL RIGHTS ACT OF 1964**

44. Plaintiff incorporates by reference the paragraphs above as if fully set forth herein.

WHEREFORE, Plaintiff prays for the following relief:

(a) An award of compensation for emotional distress and non-pecuniary damages; and

(b) An award of back pay, front pay and compensation for diminished earning capacity; and

(c) An award of attorney's fees, costs and interest; and

(d) An award of punitive damages; and

(e) Reinstatement and elimination of adverse employment actions, and

(f) Such other further relief as the Court deems appropriate.

**COUNT II**
**DISCRIMINATION UNDER TITLE VII OF THE CIVIL RIGHTS ACT OF 1964**

45. Plaintiff incorporates by reference the paragraphs above as if fully set forth herein.

WHEREFORE, Plaintiff prays for the following relief:

(a) An award of compensation for emotional distress and non-pecuniary damages; and

(b) An award of back pay, front pay and compensation for diminished earning capacity; and

(c) An award of attorney's fees, costs and interest; and

(d) An award of punitive damages; and

(e) Reinstatement and elimination of adverse employment actions, and

(f) Such other further relief as the Court deems appropriate.

Respectfully submitted,

By:________________________

J. Matthew Wolfe, Esquire
4256 Regent Square
Philadelphia, PA 19104
(215) 387-7300
Matthew@Wolfe.org
Attorney for Plaintiff

DATED: February 3, 2020